UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> TIMOTHY ROBERT McCLAIN, <br> Defendant | Criminal No. 1:13-cr-383 <br> Hon. Liam O'Grady <br> Hearing Date: May 2, 2014 |

**GOVERNMENT'S RESPONSE TO DEFENDANT McCLAIN'S MOTION TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS**

In his motion, Dkt. No. 143, the defendant requests that the Court conduct a *James* hearing to determine, in advance of trial, the admissibility of co-conspirator statements. *United States v. James*, 590 F.2d 575 (5th Cir. 1979). He acknowledges – as he must – that in the Fourth Circuit, no such hearing is required or even necessary. Motion, at 3. *See also United States v. Hines,* 717 F.2d 1481, 1488 (4th Cir. 1983). Instead, the Court should determine the admissibility of co-conspirator statements in the context of the evidence elicited at trial. The defendant's motion should therefore be denied.

**Factual Background**

Between about September 16, 2010 through about January 2, 2011, in a campaign dubbed "Operation Payback," the defendants participated in a worldwide conspiracy as part of the online group Anonymous in a campaign dubbed "Operation Payback" (or "Operation: Payback is a Bitch,") to engage in a coordinated series of cyber-attacks against victims to damage various websites. The planning and

Page 1 of 5

execution of the cyber-attacks was coordinated in specific and dedicated Internet Relay Chat (instant messaging) channels. Specifically, participants used these channels – including channels named #command, #saveTPB, #savethepiratebay, #operationpayback, #target – to decide on the next target; publicize the victim's names and IP addresses; announce dates, times, and relevant instructions; download the software used to launch cyber-attacks; and recruit more attackers. The government anticipates introducing segments of these chat transcripts, along with forensic evidence recovered from each defendant's computers reflecting his participation at trial.

## Legal Argument

The defendant's request for a pre-trial hearing to determine the admissibility of coconspirator statements is unnecessary and not required by law. An out-of-court statement "made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay and is admissible at trial against the party. Fed. R. Evid. 801(d)(2)(E). Admission of a coconspirator statement requires the government to make a *prima facie* showing "that (i) a conspiracy did, in fact, exist, (ii) the declarant and the defendant were members of the conspiracy, and (iii) the statement was made in the course of, and in furtherance, of the conspiracy." *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013); *see also Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987). "A statement by a coconspirator is made 'in furtherance' of a conspiracy if it was intended to promote the conspiracy's objectives, whether or not it actually has that effect." *United States v. Shores*, 33 F.3d 438, 443

(4th Cir. 1994). The question of admissibility belongs to the trial judge. *United States v. Jones*, 542 F.2d 186, 203 n.33 (4th Cir. 1976).

Though "the court must decide any preliminary questions about whether . . . evidence is admissible," Fed. R. Evid. 104(a), the Fourth Circuit "has rejected the formalistic requirement that there must be a hearing to determine the existence of a conspiracy before statements can be admitted under Rule 801(d)(2)(E)." *United States v. Blevins*, 960 F.2d 1252, 1255-56 (4th Cir. 1992) (citing *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) (declining to follow *United States v. James*, 590 F.2d 575 (5th Cir. 1979), *overruled on other grounds by Bourjaily*, 483 U.S. at 180-81)). Instead, trial courts may choose at their discretion "to conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission." *Blevins*, 960 F.2d at 1256; *see also, e.g.*, *United States v. Timbers*, No. 3:10CR170-21-HEH, 2010 WL 3385140, at *2 (E.D. Va. 2010); *United States v. Ayala*, 469 F. Supp. 2d. 357, 363 (W.D. Va. 2007); *United States v. Fawley*, No. 2:12CR13, 2012 WL 1804846, slip op. at *5 (N.D. W.Va. May 17, 2012); *United States v. Justus*, No. 97-4414, 1998 WL 546095, at *8 (4th Cir. 1998). That is the approach the Court should take here.

Admission of a coconspirator's statement prior to establishing a proper foundation poses some risk of prejudice to a defendant should the government fail to later establish the prerequisites for admission under 801(d)(2)(E).[1] In *James*, the

---

[1] The actual potential for prejudice as a result of premature admission of a proffered coconspirator's statement is rendered considerably smaller by Fed. R. Evid. 804(b)(3). Most coconspirator's statements are often also admissible as a statement

Fifth Circuit advocated a pre-trial hearing to determine admissibility of the coconspirator's statements and avoid the possibility of a mistrial or other remedy should statements be admitted erroneously at trial. As counsel for the defendant, however, concedes, the Fourth Circuit "does not require" the *James* hearing. *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). Specifically:

> [A] trial judge retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate. *United States v. McCormick*, 565 F.2d 286, 289 n.5 (4th Cir.), *cert. denied*, 434 U.S. 1021 (1978). The district court safeguards the defendant's rights by being prepared either to declare a mistrial or to dismiss the case if the government fails to prove *aliunde* that a conspiracy existed.

In this Circuit, the trial court is permitted to admit 801(d)(2)(E) statements conditionally subject to later proof of the factual predicates for admission. *Id.; see also* Fed. R. Evid. 104(b). In addition, conducting a pre-trial evidentiary hearing – a mini-trial on whether a conspiracy exists – would unnecessarily consume judicial resources, especially where the entire case is a one-count conspiracy indictment. Further, such a hearing would preclude the Court from considering witness statements in the context of all the evidence elicited during trial. The United States submits that proving the *prima facie* existence of the charged conspiracy and each defendant's role in them is easily satisfied given the witnesses anticipated to testify at trial, as well as the forensic evidence recovered from each defendant's computer.

---

against interest. The possibility of prejudice is also remote because failure to prove the factual predicates for admission of the coconspirator's statements would likely result in entry of a Rule 29 acquittal on the conspiracy charge.

The Court should conditionally permit the admission of statements under Fed. R. Evid. 801(d)(2)(E) as *Hines* describes.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney


By:         /s/        
        Alexander T.H. Nguyen
        Jay V. Prabhu
        Assistant U.S. Attorneys
        U.S. Attorney's Office
            Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3980
        Email: alexander.nguyen@usdoj.gov
        Email: jay.prabhu@usdoj.gov

        Richard D. Green
        Trial Attorney, U.S. Department of Justice
        Computer Crime & Intellectual Property Section

Date: <u>April 18, 2014</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2014, I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT McCLAIN'S MOTION TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF), and I have also served by email a copy of the foregoing to the following:

| | |
|---|---|
| John C. Kiyonaga<br>john@johnckiyonaga.com | William Todd Watson<br>todd_watson@fd.org |
| Marina Medvin<br>marina@medvinlaw.com | John O. Iweanoge, II<br>joi@iweanogesfirm.com |
| James W. Hundley<br>jhundley@bhnklaw.com | Elita C. Amato<br>amato@amatoatlaw.com |
| William Loeffler<br>williamodouglas@aol.com | Drewry B. Hutcheson, Jr.<br>hutch365@msn.com |

| | |
|---|---|
| Gregory B. English | Jessica Nicole Carmichael |
| gbeuva@gmail.com | jcarmichael@pnalaw.com |
| | |
| Gretchen Lynch Taylor | Gary H. Smith |
| gretchen@taylorlawco.com | smithgh58@aol.com |
| | |
| John Louis Machado | Joseph Abrenio |
| johnmachadoesq@kreative.net | joseph.abrenio@leclairryan.com |

Respectfully submitted,

Dana J. Boente
United States Attorney

By:  _____/s/_____
Alexander T.H. Nguyen
Jay V. Prabhu
Assistant U.S. Attorneys
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: alexander.nguyen@usdoj.gov
Email: jay.prabhu@usdoj.gov

Richard D. Green
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section

Date: April 18, 2014