

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY ROBERT McCLAIN,<br><br>Defendant. | Criminal No. 1:13-cr-383-11<br><br>Count One: 18 U.S.C. § 371<br>Conspiracy to Intentionally Cause<br>Damage to a Protected Computer<br><br>Forfeiture Notice |

### CRIMINAL INFORMATION

### COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

1. Between on or about September 16, 2010 and at least January 2, 2011, individuals, including defendant TIMOTHY ROBERT McCLAIN, participated in a worldwide conspiracy as part of the online group ANONYMOUS in a campaign dubbed "OPERATION PAYBACK" (or "OPERATION: PAYBACK IS A BITCH,") to engage in a coordinated series of illegal cyber-attacks against victims.

2. OPERATION PAYBACK targeted victims worldwide and in the Eastern District of Virginia, including dozens of governmental entities, trade associations, individuals, law firms, and financial institutions, which ANONYMOUS claimed opposed its stated philosophy of making all information free for all, including information protected by copyright laws or national security considerations.

3. To carry out OPERATION PAYBACK, participants agreed to engage in an onslaught of cyber-attacks to damage and impair websites and computer systems by flooding those websites with a huge volume of irrelevant Internet traffic. This method of online attack

designed to shut down victim websites is known as a Distributed Denial of Service ("DDoS") attack. One of the stated goals of these DDoS attacks was to cause significant monetary and other damage to the victim targets, and members of ANONYMOUS coordinated the times and targets for the attacks through online announcements or in dedicated Internet Relay Chat channels, including the #command, #saveTPB, #savethepiratebay, and #operationpayback channels. OPERATION PAYBACK ultimately caused at least $8.9 million in damage and loss to United States-based victims.

4. From on or about September 16, 2010 through on or about January 2, 2011, in the Eastern District of Virginia, and elsewhere, defendant TIMOTHY ROBERT McCLAIN, knowingly and intentionally conspired and agreed with DENNIS OWEN COLLINS, JEREMY LEROY HELLER, ZHIWEI CHEN, JOSHUA S. PHY, RYAN RUSSELL GUBELE, ANTHONY TADROS, ROBERT AUDUBON WHITFIELD, PHILLIP GARRETT SIMPSON, AUSTEN L. STAMM, GEOFFREY KENNETH COMMANDER, WADE CARL WILLIAMS, and THOMAS J. BELL, charged elsewhere, and others known and unknown to the government, including unindicted co-conspirators known and unknown to the government, to commit an offense against the United States, that is, to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage, and attempt to cause damage, without authorization, to a protected computer, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(G).

## MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that:

5. Individuals affiliated with ANONYMOUS planned and executed a coordinated series of cyber-attacks against victim websites by flooding those websites with a huge volume of

irrelevant Internet traffic with the intent to make the resources on the websites unavailable to customers and users of those websites. This method of online attack is known as a Distributed Denial of Service ("DDoS") attack.

6. The weapon of choice used by participants in OPERATION PAYBACK included specifically-designed online weapons such as the Low Orbit Ion Cannon ("LOIC"), a downloadable network stress testing program, and similar programs including Java LOIC and hping3. LOIC, for example, allowed participants individually to choose whether to attack in "Manual Mode (for p▓▓▓s)" or as part of a group in "F▓▓▓ING HIVE MIND" mode. After picking the mode of attack and entering the target location, individuals could attack en masse by clicking a button labeled "IMMA CHARGIN MAH LAZER" to join in the cyber-assaults.

7. To generate enough irrelevant Internet traffic to effectively shut down a specific website required the collective firing of many LOIC tools at the same time and at the same website address (the Internet Protocol or IP address). Members of ANONYMOUS collectively participated in and coordinated these DDoS cyber-attacks – deciding on the next target; publicizing the victim names and IP addresses; announcing dates, times, and relevant instructions; downloading the LOIC tool; and recruiting more attackers – through postings and fliers on web bulletin boards and through social media and dedicated online chatrooms known as Internet Relay Chat ("IRC") channels. IRC channels used by ANONYMOUS for OPERATION PAYBACK included the #command, #saveTPB, #savethepiratebay, and #operationpayback channels.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Virginia and elsewhere:

8. Participants in OPERATION PAYBACK, including the defendant, engaged in illegal DDoS attacks during the period of the conspiracy, including against the following victims: the Motion Picture Association of America; the Recording Industry Association of America; the British Phonographic Institute; the law firm ACS:Law; the trade association BREIN foundation; the Australian Federation Against Copyright Theft; the law firm Davenport Lyons; the Association of Commercial Audiovisual of Portugal; the private company Web Sheriff; the consulting firm DGLegal; the record label Ministry of Sound; the Spanish General Society of Authors and Publishers; the Spanish Ministry of Education, Culture, and Sport; the Spanish trade group Promusicae; the Federal Italian Music Industry; the International Federation of Phonographic Industry; the directory of websites pro-music.it; the law firm Gallant MacMillan; Gene Simmons; the copyright licensing agency Access Copyright; the British Intellectual Property Office; the movie production company Satel Film; the Copyright Information and Anti-Piracy Centre in Finland; the U.S. Copyright Office of the Library of Congress; the intellectual property entity Hadopi; the Ireland National Federation against Copyright Theft; the Irish Recorded Music Association; the Fight Piracy Organization; the International Federation of the Phonographic Industry; Warner Brothers; the payment services provider PostFinance; the Swedish Prosecutor's office; everydns.com; the law firm Borgstrom and Bodstrom; MasterCard; Visa; the online payment service Moneybookers.com; PayPal; the Recording Industry of South Africa; Amazon; the firm Arbor Networks; and Bank of America.

(All in violation of Title 18, United States Code, Section 371.)

## **FORFEITURE NOTICE**

Pursuant to Rule 32.2(a), the defendant is hereby notified that, if convicted of the offense alleged in Count One above, he shall forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property, real or personal, constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense, and all personal property that was used or intended to be used to commit or to facilitate the offense.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1030(i)(2), the defendant shall forfeit substitute property if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Sections 982 and 1030; and Rule 32.2(a), Federal Rules of Criminal Procedure.)

Dana J. Boente
United States Attorney

Alexander T.H. Nguyen
Jay V. Prabhu
Assistant United States Attorneys

Richard D. Green
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section

5